### SEIDLER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

No. 23.

INTERNAL REVENUE ☞47—"MANUFACTURE OF OPIUM FOR SMOKING PURPOSES"—WHAT CONSTITUTES.

Adding water to an extract of opium, which is itself smokable in order to make it milder for smoking purposes, is not a "manufacture of opium for smoking purposes" within the meaning of Act Oct. 1, 1890, c. 1244, § 36, 26 Stat. 620, imposing an internal revenue tax on such manufacture.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. ☞47.

For other definitions, see Words and Phrases, First and Second Series, Manufactures.]

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Herman Seidler. Judgment of conviction, and defendant brings error. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George Gordon Battle, of New York City (Isaac H. Levy and John Manning Battle, both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Roger B. Wood and Edward W. McDonald, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The plaintiff in error was convicted of manufacturing opium for smoking purposes without complying with the provisions of section 36, c. 1244, Laws 1890, relating to the internal revenue, and sentenced to ten days' imprisonment and the payment of a fine of $300. Sections 36 and 40 read:

"Sec. 36. That an internal revenue tax of ten dollars per pound shall be levied and collected upon all opium manufactured in the United States for smoking purposes; And no person shall engage in such manufacture who is not a citizen of the United States and who has not given the bond required by the Commissioner of Internal Revenue."

"Sec. 40. That a penalty of not more than one thousand dollars, or imprisonment not more than one year, or both, in the discretion of the court shall be imposed for each and every violation of the preceding sections of this act relating to opium by any person or persons; and all prepared smoking opium wherever found within the United States without stamps required by this act shall be forfeited.

The testimony showed that the defendant had added water to Wyeth's Aqueous Extract of Opium, which is made for therapeutical purposes, and then smoked it; also, that the extract itself, though strong, can be smoked, but is made milder by adding water to it.

The defendant excepted to the refusal of the court to charge the jury:

"1. The mixture of Wyeth's Extract of Opium with water for the purpose of making it less thick and strong, so that it can be more easily smoked, is not the manufacture of opium for smoking purposes within the statute."

He also excepted to the answer of the court to the following question of the foreman of the jury:

"The Foreman: Taking Wyeth's Extract and adding water to it, is that manufacturing? The Court: Yes, if the defendant took Wyeth's Extract which was not fit for smoking purposes, that is, that is not opium made for smoking purposes, and in order to make such that he could smoke, added water to it, that was a part of a process of manufacturing opium for smoking purposes. Although only the last part of it, nevertheless that was a manufacture."

We cannot agree that adding water to an extract of opium, which is itself smokable, is a manufacture of opium for smoking purposes. The character of the article is not thereby changed. It would be as fair to say that grinding coffee beans was manufacturing coffee for drinking purposes, or that adding water to raw whisky was manufacturing whisky for drinking purposes. To manufacture an article, as stated in Anheuser-Busch Association v. United States, 207 U. S. 556, 28 Sup. Ct. 204, 52 L. Ed. 336, implies a change in its nature—"there

228 F.—22

must be transformation; a new and different article must emerge having a distinctive name, character or use." Congress has no authority to exercise police power in the states, and a revenue law should not be strained for the purposes of conviction.

The judgment is reversed.